**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ALEKSANDR KUTSENKO, | : | |
| | : | Civil Action No. 13-2433(NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Aleksandr Kutsenko
RCI
P.O. Box 630
Winton, NC  27986
    Petitioner pro se

Andrew Sun Pak
Office of the U.S. Attorney
District of New Jersey
970 Broad Street
Suite 700
Newark, NJ  07102
    Counsel for Respondent

**HILLMAN**, District Judge

    Petitioner Aleksandr Kutsenko, a prisoner currently confined at Rivers Correctional Institution in Winton, North Carolina, has filed this Motion [1], pursuant to 28 U.S.C. § 2255, seeking a reduction in his sentence due to the alleged

severity of his conditions of confinement, especially those stemming from his status as a removable alien.  For the reasons stated herein, the Petition shall be dismissed.

## I.  BACKGROUND

Pursuant to a plea agreement, Petitioner was convicted in this Court of conspiracy to commit bank fraud, 18 U.S.C. § 1349 (Count One), and aggravated identity theft, 18 U.S.C. § 1028A(a)(1) (Count Eight); he was sentenced to a term of 21 months' imprisonment on Count One and a consecutive term of 24 months' imprisonment on Count Eight, to be followed by an aggregate five-year term of supervised release.  See United States v. Kutsenko, Crim. No. 11-0765, (D.N.J.) (Docs. Nos. 18 (Plea Agreement), 23 (Judgment), 24 (Amended Judgment)).

Petitioner asserts that he is a removable alien.  He contends that this status renders him ineligible for certain programs and will lead, at the completion of his criminal sentence, to continued detention in connection with removal proceedings.  Petitioner also alleges that Rivers Correctional Institution, a private for-profit prison which houses many removable aliens, lacks good diet, health care, and rehabilitative programs, but that he pays for correspondence programs in an effort at self-help.

For all of these reasons, Petitioner seeks a six-month reduction of his sentence based upon aggravating and mitigating

2

circumstances not adequately reflected in the U.S. Sentencing Guidelines.  See, e.g., United States v. Smith, 27 F.3d 649 (D.C. Cir. 1994) (cited by Petitioner).  Petitioner also argues that his impending removal renders his sentence greater than necessary to accomplish the purpose of sentencing.  See 18 U.S.C. § 3553(a) (specifying relevant sentencing factors).

## II.   28 U.S.C. § 2255

Title 28 U.S.C. § 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  See generally U.S. v. Thomas, 713 F.3d 165 (3d Cir. 2013) (detailing the legislative history of § 2255).

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief.  See United States v. Davies, 394 F.3d 182, 189 (3d Cir. 2005).  Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982), cited in U.S. v. Travillion, No. 12-4184, 2014 WL 3029837, *2 (3d Cir. July 7, 2014).

3

Finally, this Court notes its duty to construe pro se pleadings liberally.  See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

### III.   ANALYSIS

A.   No Evidentiary Hearing is Necessary

Section 2255 gives a district court some discretion whether to hold an evidentiary hearing on a § 2255 motion.  See Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989), cited in U.S. v. Carter, 477 F.App'x 875, 876 (3d Cir. 2012).  In exercising that discretion, a district court must first determine whether the facts asserted, viewed in the light most favorable to the prisoner, if proven, would entitle the prisoner to relief; if so, the district court then must consider whether an evidentiary hearing is needed to determine the truth of the allegations. See Gov't of the Virgin Islands v. Weatherwax, 20 F.3d 572, 574 (3d Cir. 1994), cited in Nickens v. U.S., Civil No. 09-4278, 2011 WL 4056287, *5 (D.N.J. Sept. 12, 2011).  Thus, a district court may summarily deny a § 2255 motion, without a hearing, only where the "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  See generally U.S. v. McCoy, 410 F.3d 124, 134 (3d Cir. 2005); United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994).

Here, as explained more fully below, because the record of this case conclusively establishes that Petitioner waived his right to collaterally challenge his sentence, there is no need for an evidentiary hearing.

B. <u>Waiver</u>

Respondent contends that this Court should dismiss the Petition because Petitioner has waived his right to bring a collateral attack on his sentence.

"Criminal defendants may waive both constitutional and statutory rights, provided they do so voluntarily and with knowledge of the nature and consequences of the waiver." <u>U.S. v. Mabry</u>, 536 F.3d 231, 236 (3d Cir. 2008) (citations omitted), <u>cert. denied</u>, 557 U.S. 903 (2009). Thus, in criminal proceedings, a prisoner's waivers of the right to appeal a conviction or sentence, or to challenge a conviction or sentence collaterally, as through § 2255, will be enforced "provided that they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice." <u>Mabry</u>, 536 F.3d at 237 (citing <u>U.S. v. Khattak</u>, 237 F.3d 557 (3d Cir. 2001) (footnote omitted)).

The "miscarriage of justice" exception is narrow and applies only in "unusual circumstance[s]." See <u>United States v. Khattak</u>, 273 F.3d 557, 562 (3d Cir. 2001) (citations omitted), <u>cited in</u> <u>Brown v. Zickefoose</u>, 531 F.App'x 219, 222 (3d Cir.

5

2013).  The Court of Appeals for the Third Circuit has declined to earmark specific situations that amount to a miscarriage of justice, but has instead instructed district courts to consider the following factors before relieving a prisoner of a waiver:

> "[T]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result."

U.S. v. Khattak, 273 F.3d at 562 (quoting United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)).

In deciding a § 2255 motion, a district court "has an independent obligation to conduct an evaluation of the validity of a collateral waiver."  Mabry, 536 F.3d at 238.

Here, the Plea Agreement noted that Count One carried a maximum sentence of 30 years and that Count Eight carried a mandatory two-year sentence; nevertheless, the parties stipulated that a sentence within the range for a Sentencing Guidelines Offense Level of 16 for Count One, plus 24 consecutive months imprisonment for Count Eight, would be reasonable.  (Plea Agreement, Sch. A.)  Petitioner waived his rights to appeal or collaterally attack any sentence that fell within those parameters.

> Aleksandr Kutsenko knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to

6

>    an appeal under 18 U.S.C. § 3742 or a motion under 28
>    U.S.C. § 2255, which challenges the sentence imposed
>    by the sentencing court if that sentence falls within
>    or below the Guidelines range that results from the
>    agreed total Guidelines offense level of 16 plus 24
>    consecutive months of imprisonment.  ...  The parties
>    reserve any right they may have under 18 U.S.C. § 3742
>    to appeal the sentencing court's determination of the
>    criminal history category.  ...

(Plea Agreement, Sch. A, ¶ 11.)

The Government agreed to move to dismiss Counts Two through Seven upon Petitioner's sentencing on a guilty plea to Counts One and Eight.  (Plea Agreement at 1.)

In addition, the Plea Agreement explicitly set forth Petitioner's understanding that his guilty plea to the charged offenses would likely result in his removal from the United States through separate immigration proceedings.  "Accordingly, the defendant waives any and all challenges to his guilty pela and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea."  (Plea Agreement at 5-6.)

At a plea hearing on December 16, 2011, this Court reviewed the Plea Agreement with Petitioner, including the likely immigration consequences of his plea and the various waiver provisions. (Answer, Ex. 2, Tr. of Plea Hearing at 9-12, 20, 27-30.)

At sentencing, the Court found that the Guidelines Offense Level of 16 applied, with a criminal history category of I, and that those findings yielded a Guidelines sentencing range of 21 to 27 months on Count One.  All parties agreed that the Court's calculation was correct and was consistent with the Plea Agreement.  (Answer, Ex. 3, Tr. of Sentencing at 10-12.)  Following arguments by counsel, and in consideration of Petitioner's oral and written statements, a letter from Petitioner's mother, and the sentencing factors enumerated in 18 U.S.C. § 3553(a), the Court imposed a sentence, on Count One, of 21 months, at the bottom of the Guidelines range and far below the 30-year potential maximum, and a sentence of 24 consecutive months on Count Eight, all in accordance with the Plea Agreement.  (Ans., Ex. 3, Tr. of Sentencing at 27, 29.)  The Court particularly noted Petitioner's efforts at education and rehabilitation, and the likelihood that he would be removed to Russia.  (Ans. Ex. 3, Tr. of Sentencing at 26-28.)

Petitioner has alleged no facts suggesting that enforcement of the collateral attack waiver would result in manifest injustice.  To the contrary, sentence at the low end of the Guidelines range was imposed after discussion of the facts that the guilty plea would likely result in Petitioner being subjected to removal proceedings and that Petitioner had been participating in educational and rehabilitative programs.

Indeed, the Court even noted its understanding that certain programs are not available to removable aliens. (Ans., Ex. 3, Tr. of Sentencing at 37-38.)  Thus, this Court explicitly considered many of the factors Petitioner now suggests justify a reduction in his sentence.  To the extent Petitioner has not been receiving an adequate diet or medical care, allegations that are too vague to credit here, the appropriate course of action is to bring a civil action to compel appropriate care.  See, e.g., Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  This Court's review of federal litigation records through the Public Access to Court Electronic Records ("PACER") system, however, reflects that Petitioner has not pursued any federal civil litigation remedies to try to obtain relief.  Nor does he allege that he has pursued any administrative remedies or other litigation to try to obtain relief.

    Under these circumstances, this Court finds that Petitioner entered into the collateral attack waiver knowingly and voluntarily and that enforcement of the waiver would not subject Petitioner to manifest injustice.  The Petition will be dismissed.

### III.   CERTIFICATE OF APPEALABILITY

    Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may

not be taken from a final order in a proceeding under 28 U.S.C. § 2255.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citation omitted), cited in U.S. v. Williams, No. 13-2976, 2013 WL 4615197, *2 (3d Cir. Aug. 30, 2013).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000), cited in Kaplan v. U.S., Civil No. 13-2554, 2013 WL 3863923, *3 (D.N.J. July 24, 2013).

Here, jurists of reason would not disagree with this Court's determinations regarding the enforceability of the collateral attack waiver.  No certificate of appealability will

10

issue.

## IV. CONCLUSION

For the reasons set forth above, the Petition shall be dismissed. An appropriate order follows.


At Camden, New Jersey                      s/Noel L. Hillman
                                                   Noel L. Hillman
                                                   United States District Judge

Dated: July 28, 2014